

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 11, 1975

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H-625

Re: Whether the County Court of Jefferson County has concurrent jurisdiction with the county courts at law.

Dear Mr. Hanna:

You have requested our opinion as to jurisdictional perimeters of the County Court of Jefferson County, asking:

> Does the County Court of Jefferson County have
> concurrent jurisdiction with the Jefferson County
> Courts at Law in civil and criminal matters?

The jurisdiction of the County Court and the County Courts at Law of Jefferson County have been prescribed by articles 1970-112, 1970-113, and 1970-126a, V. T. C. S.

Article 1970-112 provides in pertinent part as follows:

> The County Court of Jefferson County at Law shall
> have jurisdiction in all matters and cases, civil and
> criminal, original and appellate, over which by the
> general laws of the State the County Court of said County
> would have jurisdiction, except as hereinafter provided
> in [article 1970-113, V. T. C. S.], and all cases pending
> in the County Court of said County other than probate
> matters such as are provided in [article 1970-113,
> V. T. C. S.]shall be and the same are hereby transferred
> to the County Court of Jefferson County at Law, and
> all writs and process, civil and criminal, heretofore
> issued by or out of said County Court, other than those
> pertaining to matters which are hereby exempt by this
> Act that are to remain in the County Court of Jefferson

> County, shall be and the same are thereby made return-
> able to the County Court of Jefferson County at Law.  The
> jurisdiction of the County Court of Jefferson County at
> Law, and to the judge thereof, shall extend to all matters
> of eminent domain of which jurisdiction as heretofore
> vested in the County Court or in the County Judge; but
> this provision shall not affect the jurisdiction of the Com-
> missioners Court or the County Judge of Jefferson County
> as the presiding officer of said Commissioners Court as to
> roads,bridges and public highways, or matters of eminent
> domain which are now in the jurisdiction of the Commis-
> sioners Court or the Judge thereof.  (Emphasis added).

Article 1970-126a creates a second county court at law and gives to such court the same jurisdiction as that conferred on the county court at law referred to in article 1970-112.

Article 1970-113 further defines the respective jurisdiction of the Jefferson County Court and the County Courts at Law as follows:

> The County Court of Jefferson County shall retain,
> as heretofore, general jurisdiction of the probate court,
> and all jurisdiction conferred by law now over probate
> matters, and the judge of the County Court of Jefferson
> County at Law may act for the judge of the county court
> in any juvenile, lunacy or probate matter, and also
> may perform for the county judge any and all ministerial
> acts required by the laws of this state of the county
> judge, and any and all acts thus performed by the judge
> of the County Court at Law while acting for the county
> court shall be valid and binding upon all parties to such
> proceedings or matters, the same as if performed by
> the county judge, provided that the powers thus given the
> judge of the County Court of Jefferson County at Law shall
> extend to and include all powers of the county judge except his
> powers and duties in connection with the transaction of the
> business of the county as presiding officer of the Commis-
> sioners Court, and the County Court of Jefferson County
> as now and heretofore existing shall have all the juris-
> diction which it now has, save and except that which is
> given to the County Court of Jefferson County at Law by

> this Act, but the county court as now existing shall have no other jurisdiction, civil or criminal. The county judge of Jefferson County shall be judge of the county court for the county, and all ex officio duties of the county judge shall be exercised by said judge of the County Court of Jefferson County, except insofar as the same shall by this Act be committed to the County Court of Jefferson County at Law. Nothing in this Act shall be so construed as to require that the County Judge of Jefferson County shall be an attorney. (Emphasis added).

A distillation of the foregoing legislative enactments would indicate that the County Court of Jefferson County has concurrent jurisdiction, along with the county courts at law of probate, lunacy, and juvenile matters (note, however, that a "county court" may not be designated as a juvenile court "unless its judge is an attorney licensed to practice law in this state.") See Family Code, § 51.04(d). Additionally, the County Court has concurrent jurisdiction with the county courts at law in "matters of eminent domain" which [were] in the jurisdiction of the Commissioners Court or the Judge thereof" at the time of the passage of article 1970-112. (See article 3264, et seq., for the duties of the county judge in eminent domain proceedings).

The County Courts at Law of Jefferson County, as indicated above, have concurrent jurisdiction, together with the County Court, in probate, lunacy, juvenile and eminent domain matters. In all other proceedings, both civil and criminal, the County Courts at Law have jurisdiction exclusive of the County Court. See Tex. Const. art. 5, § 22, State ex rel Rector v. McClelland, 224 S.W.2d 706 (Tex. Sup. 1949); State v. Gillette's Estate, 10 S.W.2d 984 (Tex. Sup. 1928); Attorney General Opinion C-28 (1963).

### S U M M A R Y

The County Court of Jefferson County has concurrent jurisdiction, together with the County Courts at Law in probate, lunacy, juvenile, (as limited by section 51.04 of the Family Code) and eminent domain matters. The County Courts at Law have exclusive jurisdiction in all other civil and criminal matters.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 2770

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee